IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| SOUTHERN PINE CREDIT UNION | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:22-CV-00052 (WLS) |
| | : | |
| SOUTHWEST MARINE AND | : | |
| GENERAL INSURANCE COMPANY, | : | |
| COACTION GLOBAL, INC., f/k/a | : | |
| PROSIGHT GLOBAL, INC., and | : | |
| PROSIGHT SPECIALTY | : | |
| INSURANCE INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are the following four[1] pending motions: Defendant Southwest Marine's Motion to Dismiss Defendant Coaction Global (Doc. 20); Defendant Coaction Global's Motion (Doc. 25), requesting to join Defendant Southwest Marine's Motion (Doc. 20), or in the alternative, independently requesting to remove itself as a party or/and to dismiss Plaintiff's claims as to itself pursuant to Rule 12(b)(6) for failure to state a claim (Doc. 20); and Plaintiff's Motion to Amend/Correct its Complaint (Doc. 43).

## BACKGROUND & PROCEDURAL HISTORY

Plaintiff Southern Pine Credit Union filed its Complaint (Doc. 1) against Defendant Southwest Marine and Defendant Coaction Global, formerly known as "Prosight Global Inc. and Prosight Specialty Insurance," on June 7, 2022. (Doc. 1). Therein, Plaintiff Southern

---

[1] Technically, Defendants' Motion (Doc. 25) to "join Defendant Southwest Marine's Motion to dismiss Coaction Global and Prosight from the lawsuit, or in the alternative, Motion to Dismiss pursuant to Rule 12(b)(6)" is one, single motion; however, because it is making two different requests ((i) drop Coaction Global and Prosight from lawsuit or/and (ii) dismiss the claims under Rule12(b)(6)), the Court considers it as two motions and addresses the two requests separately.

1

Pine seeks declaratory judgments and monetary damages for breach of contract and bad faith. (*Id.*)

Plaintiff is a credit union located in Valdosta, Georgia. (Doc. 1). Beginning in or about April 2014, Plaintiff alleges that Defendant Southwest Marine and Defendant Coaction Global issued the bonds at issue in this case. (*Id.*) In exchange for Plaintiff's payments of the premiums, Defendants were to provide coverage to Plaintiff for losses arising from acts of Employee/Director Dishonesty. (*Id.*) Defendant Southwest Marine is an Arizona insurance company and a wholly-owned subsidiary of New York Marine. (Doc. 14). New York Marine is a New York insurance company, whose parent company is Coaction Specialty Insurance Group. (*Id.*) Coaction Specialty Insurance Group's parent company is Defendant Coaction Global. (*Id.*) In other words, Defendant Coaction Global is the ultimate parent company of Defendant Southwest Marine.

On July 5, 2022, Defendant Southwest Marine filed its Answer and a counterclaim against Plaintiff, seeking attorneys' fees and costs and Declaratory Judgment. (Doc. 14, at 23–50). Plaintiff/Counter-Defendant Southern Pine filed its Answer (Doc. 24) to the counterclaim a few weeks later.

On July 20, 2022, Defendant Southwest Marine filed the instant Motion to Dismiss Defendant Coaction Global as a party in this case (Doc. 20). About a month later, Defendant Coaction Global filed its Motion (Doc. 25) to join Defendant Southwest Marine's Motion to Dismiss (Doc. 20), or in the alternative, independently move to merely drop itself as a party (rather than dismiss the entire lawsuit) or/and move to dismiss claims under Rule 12(b)(6) only as to itself. On August 22, 2022, Plaintiff Southern Pine filed its Response (Doc. 28), addressing both Defendant Southwest Marine's Motion (Doc. 20) and Defendant Coaction Global's Motion (Doc. 25). About a month later, Defendant Coaction Global filed its Reply (Doc. 39) to Plaintiff's Response (Doc. 28).

After holding an in-person initial discovery conference with Parties' counsel, the Court entered the scheduling/discovery Order on September 1, 2022. (Doc. 22). A few days later, the Parties filed a Stipulation (Doc. 33), clarifying that Plaintiff did not intend to and did not sue Prosight, Defendant Coaction Global's former identity/name, as a separate independent

party in this action. Further, the Stipulation specified that Plaintiff intended to, and did, sue Defendant Coaction Global.[2] (Doc. 33).

On November 29, 2022, Plaintiff filed its Motion to Amend/Correct its Complaint. (Doc. 43). Defendants filed their Response on January 3, 2023. (Doc. 50). Plaintiff filed its Reply (Doc. 55) on January 19, 2023.

## DISCUSSION

### I. Defendants' Request to Drop Defendants Coaction Global and Prosight as a Party Pursuant to Rule 21 (Doc. 20)

Defendants' Motion to Dismiss Coaction Global and Prosight pursuant to Rule 21 (Doc. 20) is **DENIED as moot**. Therein, Defendants ask the Court to drop Prosight from the lawsuit because it is no longer a cognizable legal entity and to drop Coaction Global from the lawsuit because it has "no relation to this action other than being the ultimate parent company of. . . Southwest Marine." (Doc. 20, at 2–3). The Court denies this instant Motion (Doc. 20) as moot because of two reasons. First, the Joint Stipulation (Doc. 33) stipulates that Plaintiff "did not intend to, and did not, sue Prosight as a separate and independent party in this action. Rather, Plaintiff intended to, and did, sue Coaction Global. . . ." (Doc. 33, at 1–2). Second, the Court addresses Defendants' request to drop Coaction Global from the lawsuit in Defendants' Motion to Dismiss Coaction Global Pursuant to Rule 21 or, in the Alternative, Motion to Dismiss under Rule 12(b)(6). (Doc. 25). Therefore, Defendant Southwest Marine's Motion (Doc. 20) need not be addressed[3] and is **DENIED as moot**.

---

[2] Therefore, Defendants' arguments about how Plaintiff erroneously sued Prosight, because it is no longer a cognizable entity, in their respective Motions (Doc. 20; Doc. 25) no longer apply and are moot and not considered by the Court.

[3] In doing so, the Court finds that it does not need to consider other arguments made in relation to that Motion (Doc. 20), such as whether Defendant Southwest Marine has standing to submit a motion on behalf of Defendant Coaction Global or whether Defendant Coaction Global is entitled to join Southwest Marine's motion.

3

## II. Defendants' Motion to Join Defendant Southwest Marine's Motion (Doc. 20) to Dismiss Coaction Global and Prosight from the lawsuit (Doc. 25)

Defendants' instant Motion (Doc. 25) essentially makes two requests: (1) to join Defendant Southwest Marine's Motion (Doc. 20) to Dismiss Coaction Global and Prosight as parties in this lawsuit, or/and (2) in the alternative, dismiss Plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim as to Coaction Global only. The Court will first address Defendants' request to drop Coaction Global from the lawsuit.

Defendant Coaction Global contends that it should be dropped as a party because Plaintiff cannot maintain a cause of action against it for its subsidiary Defendant Southwest Marine's alleged misconduct. (Doc. 25-1, at 7). It further contends that it has no interest in the litigation, other than being the ultimate parent company of Defendant Southwest Marine. (*Id.*) Defendant Coaction Global asserts that it is not an indispensable party and thus should be dismissed from this action. (*Id.* at 8).

Plaintiff contends that Defendant Coaction Global's request to drop itself as a party pursuant to Rule 21 should be denied because Defendant Coaction Global is an indispensable party to this action and thus should not be dismissed to the prejudice of Plaintiff (Doc. 28, at 11–12). Plaintiff also argues that Rule 21 is used to preserve a federal court's diversity jurisdiction by dropping a dispensable party or to cure defects in joinder, which is "not present here." (*Id.*) Plaintiff further argues that Defendants in this action were sued and served as original Defendants rather than having been subsequently joined into a pre-existing lawsuit. (*Id.* at 12).

Defendant Coaction Global contends that Plaintiff's characterization of Rule 21 is too limited, and that Rule 21 applies in situations where a party has been wrongfully joined. (Doc. 39, at 8–9). Defendant Coaction Global asserts that it was "improperly" joined in this action and that the acts in question were undertaken by Defendant Southwest Marine. (*Id.* at 9).

Defendant Coaction Global is correct in that Plaintiff's interpretation of Rule 21 is too limited or narrow. True, federal courts may exercise discretion under Rule 21 to dismiss or drop dispensable parties whose presence spoil statutory diversity jurisdiction; however, it is not the only circumstance that courts may use Rule 21. More specifically, Federal Rule of

4

Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Simply put, Rule 21 allows federal courts at any time to add parties, drop/dismiss parties, and sever claims. *Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 643 (W.D. Wis. 2000). This discretion, however, is limited by Rule 19 in that a court cannot proceed without indispensable parties. FED. R. CIV. P. 19. Thus, whether Defendant Coaction Global could be dismissed as a party under Rule 21 in this action turns on whether Defendant Coaction Global is an indispensable party. *See Great W. Cas. Co. v Firstfleet, Inc.*, No. CA 2:12-00623-KD-N, 2013 WL 4165715, at *5, n.12 (S.D. Ala. July 18, 2013). Generally, a party is considered "necessary" if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings. *Laker Airways Inc v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

Rule 19 provides a two-part test in determining whether a party is indispensable. *Landmark Equity Fund II, LLC v. Residential Fund 76, LLC*, 631 F. App'x 882, 885 (11th Cir. 2015). First, the court must determine whether complete relief can be afforded in the present procedural posture or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations. *Id.*; FED. R. CIV. P. 19(a)(1). The court proceeds to the second step only if it determines that the party at issue is a required party. *Landmark Equity Fund II, LLC*, 631 F. App'x at 885. The second inquiry asks whether, in equity and in good conscience, the action should proceed among the existing parties or should be dismissed. FED. R. CIV. P. 19(b).

Ultimately, whether to drop or add a party under Rule 21 is "left to the sound discretion of the trial court," and the court may at any time add or drop a party on "just terms," not only limited to just misjoined parties or a diversity issue. *Id.*; *Whitest v. Crisp Cnty, Ga Bd. of Educ.*, No.: 1-17-CV-109-LAG, 2020 WL 12656250, at *2 (M.D. Ga. Aug. 19, 2020); *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986). In determining whether to drop or sever a party from an action, the court considers several factors:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;

5

> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary evidence are required for the separate claims.

*Whitest*, 2020 WL 12656250, at *2.

After reviewing the record and considering the factors, the Court declines to exercise its considerable discretion under Rule 21 to drop Defendant Coaction Global from this action. *See, e.g.*, *Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967) ("Normally, the district court has discretion under Rule 21 in deciding whether to allow the dropping of parties.") Plaintiff's claims arise out of same transaction or occurrence and involve common questions of law and fact. Plaintiff's claims involve the same harm, which means they will most likely involve same witnesses and discovery. If the Court dropped Defendant Coaction Global, Plaintiff may sue it again in a separate litigation, which may prejudice both Parties by having to further exert their resources and having to go through the same discovery again. A separate litigation may also lead to inconsistent outcomes. Moreover, the Court may need to evaluate Defendant Coaction Global's conduct in relation to Plaintiff, which may also implicate Defendant Coaction Global's interests. For instance, Defendants' joint initial disclosures provides a list of individuals who are likely to have discoverable information, which includes employees of Defendant Coaction Global, such as the vice president of underwriting for Coaction Global, niche underwriting managers for Coaction Global, senior claim specialist for Coaction Global, underwriter for Coaction Global, underwriting assistant for Coaction Global. (Doc. 28-1). Based on the current record, although Defendant Southwest Marine may have provided signatures in relevant documents, it appears that key players or people with knowledge and information are employees of Coaction Global. For example, Exhibit Six (Doc. 1-6), a letter sent to Plaintiff from Defendants, was signed by a senior claim specialist for Coaction Global. Additionally, Exhibit Two shows that Plaintiff obtained its fidelity bond coverage through Coaction Global/Prosight. (Doc. 1-2). A particular employee for Coaction Global/Prosight has also been consistently copied on letters between the Parties. (Doc. 1-4; Doc. 1-5).

Furthermore, the Court finds that the exact extent of Defendant Coaction Global's interaction or role in the alleged events underlying this lawsuit remains unclear, due to the

6

current procedural stage, as fact discovery has not been completed. (Doc. 49). At the current stage of this lawsuit, the Court does not find that Defendant Coaction Global is a dispensable party. Therefore, Defendant Coaction Global's request to drop itself from the action is **DENIED without prejudice**.[4]

### III. Defendant Coaction Global's Request for Dismissal of Plaintiff's Claims pursuant to Rule 12(b)(6) (Doc. 25)

The Court now turns to Defendant Coaction Global's request to dismiss the claims only as to itself under Rule 12(b)(6), while leaving the lawsuit to proceed against its subsidiary, Defendant Southwest Marine. (Doc. 25-1).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The "plausibility standard is not akin to a probability requirement" because it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A 12(b)(6) motion "admits the facts alleged in the complaint but challenges plaintiff's rights to relief based upon those facts." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 686 (E.D. Tx. 2009).

To be clear, it is "not a procedure for resolving contests about the facts or the merits of a case." *Id.* at 685. A district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Generally, a "motion to dismiss under Rule 12(b)(6) is viewed with disfavor and rarely granted." *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969).

---

[4] To be clear, Defendant Coaction Global retains the right to re-file its motion to drop itself as a party once discovery is completed and can provide evidence or indication in the record that shows its absence will not diminish the Court's ability to accord complete relief among existing parties or shows that Defendant Southwest Marine is able to provide complete relief. *See Landmark Equity Fund II, LLC*, 631 F. App'x at 885.

When considering a 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true to determine whether a plaintiff has stated a claim for which relief could be granted, view those allegations in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Id.*; *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A district court's review is limited to the four corners of the complaint and other documents attached as exhibits or incorporated by reference in the complaint upon which a plaintiff's complaint necessarily relies. *See Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007).

As a threshold matter, the Court notes that Defendant Coaction Global's 12(b)(6) Motion (Doc. 25) has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings. The Court has only considered the Complaint (Doc. 1) and its attachments.

Defendant Coaction Global contends that Plaintiff fails to allege sufficient facts to state claims for breach of contract because it has no relation to this action and is "merely the ultimate parent company" of Defendant Southwest Marine. (Doc. 25-1, at 9). Thus, it argues that it should not be liable for the acts of the alleged misconduct of its subsidiary. (*Id.* at 9–10.)

The pertinent facts alleged by Plaintiff in its Complaint (Doc. 1) are as follows. Plaintiff alleges that Coaction Global issued Southwest Marine fidelity bonds to Plaintiffs in 2014, 2017, and 2020. (Doc. 1, at ¶¶ 29, 34, 43). Coaction Global also accepted premium payments from Plaintiff before issuing bonds to it. (*Id.* at ¶¶ 29, 34, 42). Coaction Global was aware that bonds offered for sale to federally-insured credit unions, like Plaintiff, must be submitted to and approved by the National Credit Union Administration ("NCUA") before being offered for sale. (*Id.* at ¶ 15). In 2013, Coaction Global's bond form was submitted to the NCUA and had been approved by the NCUA. (*Id.* at ¶¶ 16, 80). Thereafter, Coaction Global tried to maximize its profits by secretly limiting coverage that they owed to their insured by modifying provisions of the bond with Plaintiff through using invisible or incomprehensible riders or endorsements. (*Id.* at ¶¶ 49, 50). Coaction Global did not submit to the NCUA or obtain approval from the NCUA for its modifications, riders, or limitations of coverage to the bond that it issued to Plaintiff. (*Id.* ¶ 18). Coaction Global intentionally failed to explain the modifications or limitations of coverage to the 2017 and 2020 renewal

bonds that it sold to Plaintiff and failed to inform Plaintiff that Coaction Global did not obtain the necessary approval from the NCUA before making its modifications, etc. (*Id.* ¶ 20).

In 2017 and 2020, Coaction Global constantly enticed Plaintiff to purchase bonds by misrepresenting the bonds as being lawful and providing Plaintiff the type of coverage that was required by federal law. (*Id.* ¶ 83). Coaction issued Plaintiff its 2020 bond, which included employee or director dishonesty coverage in the amount of $2,500,000, subject to a $2,500 deductible. (*Id.* ¶¶ 43, 44). Coaction Global's former name, "Prosight," and contact information, which uses the "Prosight" name, appear on every page of the 2020 bond that Coaction Global enticed Plaintiff to buy and renew. (*Id.* ¶¶ 43, 44); (Doc. 1-1).

In complying with the bond, in June of 2020, Plaintiff provided a Notice of Loss letter addressed to Coaction Global/Prosight on certain questionable transactions involving Plaintiff's former CEO and Controller. (*Id.* ¶¶ 54, 57); (Doc. 1-2). Plaintiff submitted its employee dishonesty claim, which included a forensic report and exhibits amounting to a $5,471,518.93 loss suffered by Plaintiff, which was caused by embezzlement scheme of Plaintiff's former CEO and Controller. (*Id.* ¶¶ 59, 60). Information that would be necessary for adjustment of Plaintiff's claim was requested by an accounting service retained by Coaction Global/Prosight. (*Id.* at ¶¶ 61, 62); (Doc. 1-4); (Doc. 1-5).

Coaction Global/Prosight sent a preliminary-findings letter to Plaintiff on June 29, 2021, denying Plaintiff's claim. (*Id.* at ¶¶ 63); (Doc. 1-6). The preliminary denial was based on Coaction Global's analysis of Plaintiff's call report that contained information about the newly discovered but previously unknown embezzlement, and Coaction Global's interpretation of the Georgia Amendatory Endorsement that was unknown to Plaintiff. (*Id.* at ¶¶ 64–67); (Doc. 1-6). On September 14, 2021, Coaction Global formally denied Plaintiff's claim because of the call report, which had been prepared by Plaintiff without knowledge of the embezzlement of its CEO and controller. (*Id.* at ¶ 69); (Doc. 1-6).

The Federal Rules of Civil Procedure only require a complaint to contain a "short and plain statement of the claim," which will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a). The Court finds this standard has been met as to each Defendant in this matter. Contrary to

Defendants' arguments, Plaintiff is not contending to sue Coaction Global merely because it is the ultimate parent company of Southwest Marine or attempting to argue that Coaction Global is liable for the alleged misconduct of its subsidiary. Rather, Plaintiff is alleging that Coaction Global itself committed misconduct or wrong against Plaintiff, not necessarily based on Plaintiff's claims against Defendant Southwest Marine. Moreover, considering the closely associated nature of the relationship between the Defendants (both share the same New Jersey address (Doc. 1, at 2)) and the fact that Plaintiff's Complaint contains sufficient information or detail to put both Defendants on notice of the possible claims against each of them, the Court finds Plaintiff's Complaint survives the 12(b)(6) hurdle. Therefore, Defendant Coaction Global's Motion to Dismiss the claims only to itself (Doc. 25) is **DENIED**.

### IV.    Plaintiff's Motion to Correct/Amend Complaint (Doc. 43)

Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 43) seeks to add two additional Defendants to the existing Complaint: (1) Coaction Specialty Management Company, Inc., formerly known as Prosight Specialty Management, Inc., and (2) Coaction Specialty Insurance Group, Inc., formerly known as Prosight Specialty Insurance Group, Inc.

Plaintiff notes that Coaction Specialty Management and Coaction Specialty Insurance are recently, rebranded, privately owned entities that were purchased simultaneously with Coaction Global and Southwest Marine. Plaintiff further notes that the new Defendants also have the same address as the current Defendants and answer to the same management as Coaction Global. Plaintiff alleges that the new Defendants also loaned employees to Southwest Marine, which has no employees of its own, to perform the core functions required of Southwest Marine and to make Southwest Marine look like it is more than a shell company. (Doc. 43). Further, Plaintiff contends the new Defendants were involved with the investigation and determination of Plaintiff's claim. (*Id.*) In addition, Plaintiff seeks to add one additional claim for relief: Count Six, which requests a declaratory judgment that Defendants are jointly and severally liable to Plaintiff. (Doc. 43); (Doc. 43-1).

Defendants Southwest Marine and Coaction Global oppose Plaintiff's Motion to Amend. (Doc. 50). Defendants argue that Plaintiff is trying to add claims against Coaction

Global's subsidiaries that have no contractual privity and have no relation to the facts at issue. (*Id.* at 2). They further argue that Plaintiff has not pled a veil-piercing claim that would allow Plaintiff to hold an affiliate liable for any contractual obligations of Defendant Southwest Marine and that Plaintiff has not pled sufficient facts to warrant piercing the veil. (*Id.*) Moreover, Defendants argue that Plaintiff's motion to amend (Doc. 43; Doc. 43-1) should be denied because the proposed amendment is futile as it would be subject to dismissal. (Doc. 50, at 5).

On the other hand, Plaintiff contends that Defendants' arguments are unconvincing. Specifically, as to Defendant's argument that Plaintiff has not pled allegations specifically against the new Defendants, Plaintiff contends that at the pleading stage, as is the case here, all that is required is for factual allegations to be "enough" to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. (Doc. 55, at 8). Plaintiff also argues that "plausible ground" does not impose a probability requirement at the pleading stage; rather, it merely calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claims. (*Id.* at 8–9).

Generally, leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). The law "requires that a district court liberally grant motions for leave to amend the pleadings and deny such a motion only under certain circumstances." *Schorr v. Countrywide Home Loans, Inc.*, No. 4:07-CV-019-WLS, 2013 WL 12214430, at *2 (M.D. Ga. Jan. 31, 2013) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999)). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp.*, 169 F.3d at 1319 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A substantial reason to deny leave to amend is that the amendment would be futile, meaning that "the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, the Court finds that Plaintiff's Amended Complaint sufficiently sets forth factual allegations against all Defendants, including the new Defendants, and finds that the allegations plausibly suggest an entitlement to relief, such that it could survive a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 681; FED. R. CIV. P. 8(a). As already stated

above, Federal Rule of Civil Procedure Rule 8 only requires a "short and plain statement of the claim" that will give defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. FED. R. CIV. P. 8(a). The Court finds the Amended Complaint (Doc. 43-1) satisfies this requirement as to all four Defendants. Contrary to what Defendants contend, the Federal Rules of Civil Procedure do not require detailed-factual allegations beyond what Plaintiff has outlined in its complaint. *Twombly*, 550 U.S. at 555. Therefore, Plaintiff's Motion for Leave to Amend its Complaint (Doc. 43; Doc. 43-1) is **GRANTED**. Thus, the Clerk of Court is **DIRECTED** to docket (Doc. 43-1) as Plaintiff's First Amended Complaint.

## CONCLUSION

In sum, Defendant's Motion (Doc. 20) to Drop Coaction Global and Prosight as parties in this action is **DENIED as moot**. Defendant's Motion (Doc. 25) to drop Coaction Global as a party is **DENIED without prejudice**. Additionally, Defendant's Motion (Doc. 25) to dismiss claims as to Coaction Global only pursuant to Rule 12(b)(6) is **DENIED**.

Lastly, Plaintiff's Motion to Correct/Amend Complaint (Doc. 43) is **GRANTED**. Accordingly, the Clerk of Court is **DIRECTED** to docket (Doc. 43-1) as Plaintiff's First Amended Complaint.

**SO ORDERED**, this   28th   day of March 2023.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**